699 P.2d 427

**ADA COUNTY HIGHWAY DISTRICT, a body politic, acting By and Through its COMMISSIONERS, Charles L. Winder, Karl Jeppesen and Lawrence C. Jackson, Plaintiffs-Respondents,**

v.

**Victoria H. SMITH, as personal representative of the Estate of Vernon K. Smith, Deceased, Victoria H. Smith, individually, and Joseph H. Smith, Defendants-Appellants,**

and

**Walter P. Kirby and Transwestern, Inc., an Idaho Corporation, Defendants.**

**Walter P. KIRBY and Transwestern, Inc., an Idaho Corporation, Crossclaimants,**

v.

**Victoria H. SMITH, as personal representative of the Estate of Vernon K. Smith, Deceased, Victoria H. Smith, individually, and Joseph H. Smith, Cross-defendants-Appellants.**

No. 15317.

Supreme Court of Idaho.

April 4, 1985.

Vernon K. Smith, Boise, for defendants-appellants.

John Frederick Mack, Boise, for plaintiffs-respondents.

HUNTLEY, Justice.

Transwestern, Inc., a subdivision developer, developed, platted and recorded the Ruby Subdivision in Ada County. The Subdivision borders on property owned by the Smiths.

The Subdivision originally contained a drainage system which incorporated an 18,000 cubic foot detention pond across the road from the Smith property. This pond was designed with an outlet allowing excess run-off water to enter a culvert lying underneath a private lane on the Smith property. After the Subdivision was developed, residents complained about mosquito infestations and odors emanating from the pond. Transwestern then installed an underground filtration system and filled in the pond. The underground filtration system was directly connected to the Smiths' culvert. In 1980, shortly after the underground filtration system had been installed, the Smiths removed the culvert. Run-off water began to back up through the Subdivision's filtration and drainage system and onto the Ada County Highway District's dedicated street.

The Highway District filed this action asking the trial court to order that the nuisance be abated. The trial court, sitting without a jury, heard the evidence and issued an order which stated in part:

1. Defendant, VICTORIA H. SMITH, as Personal Representative of the Estate of Vernon K. Smith, Deceased, VICTORIA H. SMITH, individually, an [sic] JOSEPH H. SMITH, and Defendants, WALTER P. KIRBY and TRANSWESTERN, INC., an Idaho corporation, are hereby ordered and required to specifically perform such constructive improvements so as to prevent the accumulation of drainage waters upon the public rights-of-way of the Plaintiff located within the confines of Ruby Subdivision, Ada County, Idaho, mainly and primarily that public right-of-way known as "Ethan Place" where Ethan Place borders and abuts Lot 24, Block 1, Ruby Subdivision. Such improvements are to specifically include, but not be limited to the following:

(a) Defendants, VICTORIA H. SMITH, as Personal Representative of the Estate of Vernon K. Smith, Deceased, VICTORIA H. SMITH, individually, and JOSEPH H. SMITH are hereby ordered and required to specifically perform the installation of that certain storm drain culvert under the certain property owned by them, or any of them, in the Northeast Quarter of Section 26, Township 4 North, Range 1 East, Boise Meridian, bordering on the westerly portion of Lot 24, Ruby Subdivision.

(b) Defendants, WALTER P. KIRBY and TRANSWESTERN, INC., are hereby ordered and required to specifically perform the reinstallation of the detention pond on Lot 24, Ruby Subdivision, which detention pond shall be so reinstalled and constructed to be sufficient to hold and retain at least 18,000.00 cubic feet of storm drainage water.

■ We affirm the trial judge's ruling in favor of the ACHD ordering that the nuisance be abated. However, we consider the order to be ambiguous. For that reason, we remand this matter to the district court with instructions that it enter an amended order clearly stating (1) that the *Smiths* have no obligation to build or maintain the detention pond and (2) that the Smiths have no obligation to accept any water onto their property until the pond is in place and thereafter the Smith property must accept only that water which might overflow during periods when the detention pond is in fact accommodating 18,000 cubic feet of water.

■ From the record it is apparent that the district court could not determine for a certainty that the operation of the 18,000 cubic foot detention pond would not result in casting waters upon the Smith property in excess of the quantities historically accommodated by that property.

Accordingly, this case should not be res judicata as to the Smiths seeking further relief should the system not operate as intended.

Affirmed and remanded for action consistent with this opinion.

No costs. No attorney fees.

DONALDSON, C.J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, J., concurs in the result.